HEGE AND COMPANY ET AL. *v.* TOMPKINS ET AL.

[No. 10,415. Filed January 28, 1919.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injuries Arising Out of and in Course of Employment.—Burden of Proof.—*In a proceeding for compensation under the Workmen's Compensation Act, §80201 *et seq.* Burns' Supp. 1918, Acts 1915 p. 392, the burden rests upon the applicant to show facts from which the conclusion may properly be drawn that the injuries alleged were caused by an accident arising out of and in the course of the employment. p. 276.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Review. —Findings of Fact.—Conclusiveness.—*The finding of facts by the Industrial Board stands upon the same footing as the finding of a trial court or the verdict of a jury, and when sustained by any competent evidence is conclusively binding on the court on appeal. p. 276.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Evidence.—Inferences by Industrial Board.—*The Industrial Board may draw reasonable inferences from the facts and circumstances in evidence. p. 276.

4. TRIAL.—*Hearsay Evidence.—Absence of Objection.—Admissibility.—Probative Value.—*A material fact at issue may be established by hearsay evidence, where it is admitted without objection. p. 278.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Procedure.—*Under §55 of the Workmen's Compensation Act, Acts 1915 p. 392, §8020m2 Burns' Supp. 1918, providing that the Industrial Board may make rules for carrying out the provisions of the act and that the procedure "shall be as summary and simple as reasonably may be," the board is not bound by the technical rules of court procedure obtaining in civil actions. p. 278.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal. —Motion for New Trial.—*In a proceeding under the Workmen's Compensation Act, §80201 Burns' Supp. 1918, Acts 1915 p. 392, a motion for a new trial is not essential to the right of appeal on any question. p. 279.

7. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal. —Incompetent Evidence.—Reversal.—*The admission of incompetent evidence by the Industrial Board will not operate to reverse an award, if there is any basis in the competent evidence to support it. p. 279.

8. MASTER AND SERVANT.—*Workmen's Compensation Act.—Hearsay Evidence.—Necessity of Objection.—Admissibility.*—In a proceeding before the Industrial Board a party must object to hearsay, when offered, to overcome the presumption that he consented to its admission and consideration, and where such evidence is admitted without objection, the board may consider it, and give it such probative force as it merits. p. 279.

9. MASTER AND SERVANT.—*Workmen's Compensation Act.—Proceedngs for Compensation.—Evidence.—Report of Accident.—Admissibility.*—In a proceeding before the Industrial Board, the employer's report filed pursuant to §67 of the Workmen's Compensation Act, Acts 1915 p. 392, §8020y2 Burns' Supp. 1918, showing the nature and cause of the injury, is competent as an admission, notwithstanding its *ex parte* character, since it is a statement by the party primarily liable. p. 279.

10. MASTER AND SERVANT.—*Workmen's Compensation Act.—Proceedings for Compensation.—Evidence.—Report of Accident.—Admissibility.*—An employer's report of an accident made to the Industrial Board pursuant to §67 of the Workmen's Compensation Act, Acts 1915 p. 392, §8020l Burns' Supp. 1918, requiring such report to be made on a blank procured from the board, is in its entirety a voluntary statement of the employer where it is signed by him without explanation, as he will be held to have adopted the printed portion of the blank. p. 280.

11. EVIDENCE.—*Admissions Against Interest.—Conclusions of Law.*—An admission by a party against his interest is not incompetent evidence because made in the form of a conclusion of law rather than a statement of fact. p. 280.

12. MASTER AND SERVANT.—*Workmen's Compensation Act.—Proceedings for Award.—Evidence.—Report of Accident.—Admissibility.*—In a proceeding for compensation under the Workmen's Compensation Act, §8020l *et seq.* Burns' Supp. 1918, Acts 1915 p. 392, a statement by the employer, in its report of the accident to the Industrial Board required by §67 of the act, that the servant was injured in a particular manner in the course of his employment is competent as an admission, although the statements made in the report are based upon hearsay evidence. p. 281.

13. MASTER AND SERVANT.—*Workmen's Compensation Act.—Proceedings for Award.—Evidence.—Report of Accident.—Admissibility.*—The provision of §56 of the Workmen's Compensation Act, Acts 1915 p. 392, §8020n2 Burns' Supp. 1918, that "these reports shall not be used as evidence against an employer in any suit at law brought by an employe for the recovery of damages," referring to the employer's report of the accident required by §67

of the act, does not prohibit the use of such reports in proceedings before the Industrial Board for compensation. p. 281.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Adra M. Tompkins and others against Hege and Company and another. From an award for applicants, the defendant appeals. *Affirmed.*

*Taylor, White & Wright,* for appellants.
*Hacker & Jones,* for appellees.

BATMAN, P. J.—Appellees, who are the widow and children of Howard Tompkins, deceased, filed their application before the Industrial Board, alleging that they were dependents of said decedent, and asking for an adjustment of their claim against appellant Hege and Company for compensation on account of the death of said decedent, resulting from injuries received by him while in its employ. The application was heard by a single member of the Industrial Board, resulting in an award in favor of appellees, based on a finding of facts which recited that appellant Fidelity and Casualty Company was the compensation insurance carrier of said Hege and Company on the date the decedent received his said injuries. This award was afterward reviewed by the full board on the application of appellants, which resulted in an award in favor of appellees, and from which award appellants are prosecuting this appeal.

Appellants have assigned as errors on which they reply for reversal that the award of the full board is not sustained by sufficient evidence, and is contrary to law. Under these assigned errors appellants assert that there is no competent evidence in the record

proving, or tending to prove, directly or by legitimate inference, that the injury causing the death of said Howard Tompkins was sustained by an accident arising out of and in the course of his employment by appellant Hege and Company. This is the sole question presented for our consideration.

We agree with appellant's contention that the burden rested on appellees to furnish evidence establishing facts from which the conclusion could be properly drawn that the decedent's injuries were caused by an accident arising out of and in the course of his employment by Hege and Company. *Haskell, etc., Car Co.* v. *Brown* (1918), 67 Ind. App. 178, 117 N. E. 555. Also, that the ultimate facts upon which an award is based must be supported by some competent evidence. *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276. However, it should be borne in mind that a finding of facts by the Industrial Board stands upon the same footing as the finding of the trial court, or the verdict of a jury, and when sustained by any competent evidence is conclusively binding on this court. *Bloomington, etc., Stone Co.* v. *Phillips* (1917), 65 Ind. App. 189, 116 N. E. 850; *Sugar Valley Coal Co.* v. *Drake* (1917), 66 Ind. App. 152, 117 N. E. 937. Such board, like a court or jury, may draw reasonable inferences from the facts and circumstances in evidence. *Haskell, etc., Car Co.* v. *Brown, supra.*

With these well-settled rules in mind, we proceed to determine the question before us. The evidence in this case discloses that the deceased died as a result of an injury to one of his thumbs. W. F. Kendall, a member of the firm of Hege and Company, testified

that the deceased was in the employ of said firm as a carpenter at the time of his injury; and that the deceased told him that he had run a splinter or sliver in his thumb while he was at work finishing a room at the residence of James Pierce. Adra M. Tompkins, widow of the deceased, testified that her husband came home on the evening of the day he was injured and told her that he had hurt his thumb, and that he thought he had struck it on a screw. A. M. Kirkpatrick, a physician who attended the deceased after his injury, testified that the deceased stated to him that he had hurt his thumb with a sliver off of a screw while at work. The witness said that from the nature of the injury he thought that was correct. Paul C. Graham, another physician who treated the deceased after his injury, testified that the deceased told him that he had pricked the end of his thumb with the burr on a screw. Both physicians gave it as their opinions that the deceased died as a result of the injury to his thumb. The evidence shows that the deceased was injured on April 8, 1918, and that he died as a result thereof on April 18, 1918. On April 17, 1918, his employer, Hege and Company, made a report of the accident in question to the Industrial Board. This report is in evidence and states, among other things, that on April 8, 1918, the deceased was injured while in its employ by an accident arising out of and in the course of the employment; that the injury was caused by a sliver off of a screw being run into the end of one of his thumbs, resulting in infection of his left hand and forearm. This is substantially all the evidence bearing on the question under consideration.

Appellants contend that the statements made by the deceased to the several witnesses, as to the cause and

manner of his injury, are hearsay, and there-
4.   fore incompetent as evidence.  Appellees ad-
mit that such statements are hearsay, but as-
sert that, under the state of the record, the Industrial
Board had the right to consider the same, regardless
of such fact.   It is firmly settled in this state that a
material fact at issue may be established by hearsay
evidence, where the same is admitted without objec-
tion.  *Metropolitan Life Ins. Co.* v. *Lyons* (1912), 50
Ind. App. 534, 98 N. E. 824.   In that case the court
said: "The party against whom such evidence is in-
troduced may not take his chance of obtaining a
favorable verdict at the hands of a jury on the evi-
dence so admitted, and then, after an adverse verdict,
obtain a new trial on the ground that the verdict does
not rest on any competent evidence."   The above case
has been cited with approval in *Wagner* v. *Meyer*
(1913), 53 Ind. App. 223, 101 N. E. 397; *Buttz* v. *War-
ren Mach. Co.* (1914), 55 Ind. App. 347, 103 N. E. 812;
*Baxter* v. *Moore* (1914), 56 Ind. App. 472, 105 N. E.
588.   The reasons for adopting the above rule
5.   in ordinary civil actions apply with even
greater force in hearings before the Industrial
Board.   It is evidently the intent of the Workmen's
Compensation Act that, by concise and plain sum-
mary proceedings, controversies arising under the
same should be promptly adjusted by a simplified pro-
cedure, unhampered by the more technical forms and
intervening steps which sometimes incumber and
delay ordinary civil actions.   Acts 1915 p. 392, §55,
§8020m2 Burns' Supp. 1918.   In harmony with the
manifest intention of the act, this court has held that
the Industrial Board is not bound by the rules of
court procedure in civil actions (*Carl Hagenbeck,*

*etc., Shows Co.* v. *Leppert* [1917], 66 Ind. App.

6.  261, 117 N. E. 531); that a motion for a new trial is not an essential to the right of appeal on any question (*Union Sanitary Mfg. Co.* v.

7.  *Davis* [1917], 63 Ind. App. 548, 114 N. E. 872); that the admission of incompetent evidence by the Industrial Board will not operate to re-

8.  verse an award, if there be any basis in the competent evidence to support it. *United Paperboard Co.* v. *Lewis, supra.* To deny the application of the rule relating to hearsay evidence, as stated and applied in the case of *Metropolitan Life Ins. Co.* v. *Lyons, supra,* in proceedings before the Industrial Board, would be to violate the spirit of the act, by applying a more rigid rule with reference to hearsay evidence in such proceedings than is applied in civil actions. We see nothing unreasonable or harmful in applying the rule announced to proceedings before the Industrial Board, as it would only require that a party object to hearsay evidence, when offered, in order to overcome the presumption which would otherwise arise that he consented to its admission and consideration by the board. In this case the hearsay evidence was admitted without objection, and the board, therefore, had a right to consider the same, and give it such probative force as it might believe it merited, under all the attendant facts and circumstances.

Appellants also contend that the report of the accident filed by Hege and Company with the Industrial

Board, and introduced in evidence, is not com-

9.  petent as an admission against appellants that the deceased was injured by an accident arising out of and in the course of his employment. It

bases this contention on a number of reasons, which we will consider in the order given. It is claimed that the report is an *ex parte* statement and within the hearsay rule. It appears to have been introduced in evidence without objection, and, as it is a statement by the party primarily liable, it is competent as an admission, notwithstanding its *ex parte* character. It is also urged that the report was filed pursuant to §67 of the Workmen's Compensation Act, *supra,* which required that it be made on a blank prepared and furnished by the Industrial Board for that purpose, and therefore was not a voluntary statement of a material fact. The record does not disclose what portion of the report is the printed form, and what portion was inserted therein by the party making the same. But, conceding that the statement in question is a part of the printed form, it appears in evidence over the signature of the decedent's employer without explanation, and it must be held to have adopted the same. While the law requires that such reports must be made on blanks to be procured from the Industrial Board for that purpose, it is not so unyielding or unreasonable as to require the adoption of any statement therein, or the making of an answer to any question, which is not in accord with the facts, or about which the party making report cannot obtain reliable information. It is further urged that such statement is a conclusion of law, and not a statement of a material fact. But admitting, without deciding, that such statement is a conclusion of law, still we know of no rule that requires an admission to be disregarded because made in the form of a conclusion of law, rather than a statement of fact, and hence we

conclude that this reason gives no support to appellant's contention. It is claimed that the uncontradicted evidence shows that the statements made in the accident report are based on hearsay evidence, and not upon facts within the knowledge of the deceased's employer or its agent. If this be conceded, it does not follow that the report must be disregarded. We know of no rule that precludes a party from making an admission based on hearsay evidence if he chooses so to do, and therefore we cannot adopt appellant's view in this regard.

It is finally urged that, by the provisions of §56 of the Workmen's Compensation Act, *supra,* accident reports received from employers in accordance with §67 thereof are private records of the Industrial Board, open only for the inspection of the parties directly involved, and that their use as evidence against an employer is prohibited. An inspection of said §56 will disclose that it does not make an absolute prohibition against the use of such report as evidence, the exact provision in that regard being as follows: "These reports shall not be used as evidence against any employer in any suit at law brought by an employe for the recovery of damages." This provision cannot be construed as a prohibition against the use of such reports in proceedings before the Industrial Board by injured employes or their dependents to secure the compensation due them under the provisions of said act. We therefore conclude that appellant's contention with reference to the competency of the accident report in question as evidence cannot be sustained. Our conclusion in this regard finds support in the case of *Reck* v. *Whittlesberger* (1914), 181 Mich. 463, 148 N. W.

247, Ann. Cas. 1916C 771. The act of the State of Michigan, under which this case was decided, provides, as does §67 of the Workmen's Compensation Act of this state, that every employer shall keep a record of all injuries "received by his employes in the course of their employment." A question arose in the case just cited, as it did in the instant case, with reference to the admission of the accident report of the employer in evidence, and the court in passing on such question said: "We think that such reports from the employer, where all sources of information are at his command when the reports are made, and he has had ample opportunity to satisfy himself of the facts, can properly be taken as an admission, and, at least, as *prima facie* evidence that such accident and injury occurred as reported." No evidence was offered to impeach the report so made, or to show that the accident occurred otherwise than stated therein. Considering the evidence as a whole, with all reasonable inferences deducible from the facts established thereby, we are forced to the conclusion that the finding of facts is supported by the evidence, and the award is fully justified by the facts found.

The award is therefore affirmed, and by virtue of the act of March 5, 1917 (Acts 1917 p. 154, §8020q2 Burns' Supp. 1918), the amount thereof is increased five per cent.