## KAUFFMAN v. BARDO ET AL.

[No. 12,270.    Filed July 1, 1925.    Rehearing denied October 10, 1925.]

1. EVIDENCE.—*Statements of deceased, made some hours after accident causing his death, not part of res gestae.*—Statements of deceased, made some hours after an accident which caused his death, as to how he received his injuries, should not be received as evidence, as they were purely hearsay and not connected with the transaction so as to be a part of the *res gestae.*    p. 484.

2. EVIDENCE.—*Statement of deceased, made within a minute or two after accident causing his death, admissible as part of res gestae.*—Statement of deceased, made within a minute or two after accident which caused his death, as to how he received his injuries, would be admissible as part of the *res gestae.* p. 484.

3. MASTER AND SERVANT.—*On appeal from an award of compensation by Industrial Board, only evidence favorable to appellee considered.*—In determining whether the evidence was sufficient to sustain an award of compensation by the Industrial Board, only evidence favorable to the appellee will be considered.    p. 484.

4. MASTER AND SERVANT.—*Award of compensation not reversed for admission of incompetent evidence if competent evidence to sustain it.*—An award of compensation under the Workmen's Compensation Act will not be reversed because of the admission of incompetent evidence if there was competent evidence to sustain it.    p. 484.

5. MASTER AND SERVANT.—*Admission of hearsay testimony as to how the employee received his injuries does not require the reversal of the award, where there was competent evidence to sustain it.*—The admission of hearsay testimony of how the accident happened which caused the injury would not require the reversal of an award under the Workmen's Compensation Act where there was competent evidence to support it (*Indiana Bell Tel. Co.* v. *Haufe,* 81 Ind. App. 660, distinguished).    p. 484.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Samuel Bardo and others against Ira S. Kauffman.    From an award for claimants, the defendant appeals.    *Affirmed.*    By the court in banc.

*Joseph W. Hutchinson,* for appellant.
*Clark H. Barney* and *Claude A. Lee,* for appellees.

THOMPSON, J.—Appellees filed application to recover compensation, it being claimed that they were dependents of John Bardo and that said John Bardo died as a result of personal injuries received by him by reason of an accident arising out of and in the course of his employment by appellant.

It is agreed by and between the parties that the deceased John Bardo was in the employ of the appellant throughout the month of April, 1924, at an average weekly wage in excess of $24, and that an effort has been made to settle the same but failed.

The evidence in the case shows that John Bardo died on June 18, 1924, and that he was the father of appellees, all of whom were minors, the oldest being nine years of age.

There was an award by the Industrial Board of compensation at the rate of $13.20 per week, to continue during the period of dependency of any one of the appellees, not exceeding in the aggregate 300 weeks.

The errors assigned are: (1) The award is contrary to law; (2) the board erred in receiving and considering hearsay evidence upon which to base the award.

The appellant earnestly insists that there is not sufficient evidence to sustain the award, and that all of the evidence which was admitted by the Industrial Board as to the time and place and how the injury was received is merely hearsay and incompetent, and that the same was admitted over the objection of appellant. So the question in the case is—Does the evidence in the case sustain the award?

We have carefully examined all of the evidence in the case, and find that the court permitted witnesses to testify as to statements made by John Bardo some hours,

and even days, after the alleged injury, which
1, 2. testimony should have been rejected as being
hearsay, as the same was not a part of the
*res gestae.* However, the statement by the witness Elso
Freedlin that he, Freedlin, went to get a drink, was gone
a minute or two and when he returned Bardo was stand-
ing by the car with his hand on his neck, and said to
Freedlin "the pinch bar flew up and hit me on the neck"
was part of the *res gestae,* and the court did not err in
admitting that testimony. *Louisville, etc., R. Co.* v.
*Buck, Admr.* (1889), 116 Ind. 566, 19 N. E. 453, 2 L.
R. A. 520, 9 Am. St. 883.

In determining the question as to whether the evi-
dence is sufficient to sustain an award, that evidence
alone most favorable to appellee must be consid-
3.    ered. *Southern Product Co.* v. *Franklin Coil*
*Hoop Co.* (1914), 183 Ind. 123, 106 N. E. 872.
The admission of incompetent evidence will not oper-
ate to reverse the award if there be any basis in the
competent evidence to support it. *Haskell, etc.,*
4, 5. *Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117
N. E. 555; *Andrzejewski* v. *Northwestern Fuel*
*Co.* (1914), 158 Wis. 170, 148 N. W. 37; *Chicago, etc.,*
*R. Co.* v. *Railroad Commission* (1914), 156 Wis. 47, 145
N. W. 216, 974; *Borguis* v. *Falk Co.* (1911), 147 Wis.
327, 352, 353, 133 N. W. 209, 37 L. R. A. (N. S.) 489.
The case cited by appellant, *Indiana Bell Tel. Co.* v.
*Haufe* (1924), 81 Ind. App. 66, 144 N. E. 844, is not
controlling in this case, as the evidence in that case was
all hearsay.

Finding no reversible error, the award is affirmed.