## COLUMBIAN ENAMELING AND STAMPING COMPANY v. CRAMER.

[No. 12,873.    Filed May 11, 1927.]

1. EVIDENCE.—*Hearsay testimony incompetent in hearing before the Industrial Board.*—In a hearing before the Industrial Board as to the right to compensation for the death of an employee, hearsay testimony as to the manner of receiving the injury which resulted in his death is incompetent.    p. 167.

2. MASTER AND SERVANT.—*Nurse's testimony and her report to employer as to how employee was injured held competent.*— In a hearing before the Industrial Board as to claimant's right to compensation, testimony of a nurse employed by the defendant to give first aid to injured employees is admissible as to how the injury was received, as is her report of the accident and injury to her employer.    p. 169.

3. MASTER AND SERVANT.—*Superintendent's testimony that nurse employed by employer had reported manner of injury held competent.*—In a hearing before the Industrial Board as to claimant's right to compensation, testimony of superintendent of factory that nurse employed by the employer had reported manner of injury to employee was competent.    p. 169.

Columbian Enameling, etc., Co. *v.* Cramer—86 Ind. App. 164.

4. MASTER AND SERVANT.—*Admission of incompetent evidence before Industrial Board not reversible error.*—It is not reversible error to admit incompetent evidence in a hearing before the Industrial Board if there is any competent evidence to sustain the award. p. 169.

5. MASTER AND SERVANT.—*Evidence held sufficient to sustain award of Industrial Board.*—Evidence *held* sufficient to sustain award of Industrial Board to widow of deceased employee for death of her husband from tetanus resulting from his employment. p. 169.

From Industrial Board of Indiana.

Application by Laura W. Cramer for compensation under the Workmen's Compensation Act for the death of her husband, opposed by the Columbian Enameling and Stamping Company, employer. From an award granting compensation, the employer appeals. *Affirmed.* By the court in banc.

*Beasley, Douthitt, Crawford & Beasley,* for appellant.
*Charles Fox* and *Frank S. Rawley,* for appellee.

THOMPSON, J.—Appellee filed a claim to recover compensation for the death of her husband, Jerry Cramer. She alleged in her application that her husband received injuries while in the employ of appellant, from which he died on May 30, 1925, that decedent, at the time of his death, was engaged as a trucker in appellant's factory, and, at the time of his injury, was engaged in filling a truck with a compound which caused his hands to become burned.

The Industrial Board found that on May 13, 1925, Jerry Cramer was in the employ of appellant at an average weekly wage in excess of $24; that on said date he suffered an injury from an accident arising out of and in the course of his employment, which injury resulted in his death from tetanus on May 30, 1925, and an award was rendered for 300 weeks' compensation at the rate of $13.20 per week during appellee's

dependency, beginning May 30, 1925, and that appellant pay attorney fees.

Appellant earnestly contends that there is no evidence to sustain the award.

The evidence disclosed that Jerry Cramer had been employed in appellant's factory at Terre Haute, Indiana, performing services in that department called the "pickling room," which services involved the movement of enameled ware on trucks, the removal of cleansing compounds from barrels, and various other duties required by appellant. No one saw the decedent suffer any injury, and there was no one who could testify, from personal knowledge acquired at the time, concerning the place, time or manner of decedent's injury, if, in fact, the decedent had sustained any injury at appellant's plant. At the hearing, testimony was introduced, over appellant's objection, that various persons appearing as witnesses had heard the decedent declare, subsequent to the event, that he had burned his fingers while removing a cleansing compound from barrels at appellant's plant. Among those so testifying was the decedent's widow, who stated that her husband made complaint to her some time after his fingers were burned, and that he told her they were burned when he was removing a cleansing compound from barrels at appellant's plant. Decedent's son also testified that several days subsequent to the event his father stated to him that he had burned his fingers while working at appellant's factory. The nurse employed at the time in the factory testified that, two or three days following the alleged accident, the decedent told her that he had burned his fingers while handling the cleansing compound. This testimony of Mrs. Cramer, her son, and the nurse as to what they had heard the decedent say, was admitted over the objection of appellant.

The errors assigned are: (a) That the award is contrary to law; and (b) that the award is not sustained by sufficient evidence.

Appellant contends that there is no competent evidence in the record to prove that the decedent sustained injuries as alleged in the application and as a result of which he died. The rule against hearsay testimony has always prevailed in this state, and the testimony of Laura W. Cramer, widow of decedent, and her son Earl R. Cramer, as to statements made by decedent to them some time after the injury complained of, would not be competent evidence. *Indiana Bell Tel. Co.* v. *Haufe* (1924), 81 Ind. App. 660, 144 N. E. 844.

Carrin Hanna, a witness, testified as follows: "I am a graduate nurse, employed by appellant for the past nine years. My duties require me to give first aid to any accident cases regardless of whether they happened in the factory or at home, and to advise in sickness and to call on absent employees. Jerry Cramer reported to me for treatment May 15, 1925. He stated that he had been mixing compound and burned his fingers. I dressed his fingers. I found that he had broken places on the fingers that looked as if they might have been burned, but were infected when he came to me. He came back the next day and I dressed them again. He came to me eight times, the last time May 23, 1925. I saw him afterward at his home three times, the last time May 29, 1925. I was told he died May 30, 1925. He said he did not come the day he received the burns." On cross-examination, she further testified: "I am the regular first aid nurse at the factory. All injured workmen come to me for treatment. I make a record of the accidents and the complaints. Mr. Cramer told me he had burned his fingers about 5 p. m. on the 13th."

Charles M. Rankin, witness, testified as follows: "I am general superintendent of appellant's plant; have held that position about thirty years. We have a 'pickling room'; it is used for cleaning the surface of steel shells preliminary to enameling. The building is something like 80 x 120 feet. Jerry Cramer was a 'handy man' around the department. The compound on the bare hand might cause a burn if left unwashed. I got a report from the nurse that he had been burned."

The controlling question involved in this case is the board's action in overruling the objection to the testimony of the nurse and superintendent at appellant's plant.

In Reck v. Whittlesberger (1914), 181 Mich. 463, 471, the court said: "The first knowledge which came to the board of this accident is contained in the report of appellant, made by an admitted agent. It is dated January 9, 1913, and marked 'First Report of Accident.' It states, amongst other things, that on December 26, 1912, Reck, a baker by trade, was injured; the 'cause and manner of said accident' being that he 'was throwing wood in the furnace and a nail run in his left hand inflicting a deep gash.' This report was made three days before Reck's death, and indicates that the employer, or his representatives, had full notice of the injury, with ample opportunity to investigate while Reck was alive, and all sources of information were both fresh and available. A second report, after Reck's death, made on January 15, 1913, giving the date of the accident, * * * states its cause and manner: 'The injured was throwing wood in the fire and a nail scratched his left hand. He worked for two or three days after the accident, when the hand became infected, and he was sent to the hospital. After the hand had started to heal nicely he contracted broncho-pneumonia, which disease caused his death January 13, 1913.'

Columbian Enameling, etc., Co. *v.* Cramer—86 Ind. App. 164.

"We think that such reports from the employer, where all sources of information are at his command when the reports are made, and he has had ample opportunity to satisfy himself of the facts, can properly be taken as an admission, and, at least, as *prima facie* evidence that such accident and injury occurred as reported." See, also, *First Nat. Bank v. Industrial Commission* (1915), 161 Wis. 526.

We hold that the evidence of the nurse as the employee of appellant, and her report of the accident and injury to the company was competent evidence as to how and when the injury occurred, and also the evidence of the superintendent saying that the nurse had reported the injury to him was competent evidence, and the board did not err in overruling the objection to this testimony.

2, 3.

Dr. August F. Knoefel was called as a witness and was asked the following question: "Now Doctor, assuming that Jerry Cramer burned his fingers with some acid on or about May 13, 1925, and he complained of his fingers hurting him and they became swollen and infected, and along about May 22nd or 23rd, 1925, the same Jerry Cramer complained of his jaws hurting him, and a day or two afterward tetanus set in and he died on May 30, 1925, what would you say was the cause of his death?" Answer: "Tetanus as a result of an injury, and having the injured fingers, it would be the most intelligent view to assume that it came through the fingers; you have presumptive evidence."

It is not reversible error to admit incompetent evidence in a case before the Industrial Board if there be any competent evidence to sustain the award. *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N. E. 555; *Hege & Co.* v. *Tompkins* (1919), 69 Ind. App. 273, 121 N. E. 677; *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N.

4, 5.

E. 276. We have carefully read and considered the evidence, and hold that there is sufficient evidence to sustain the award.

Award affirmed.

Dausman, J., absent.