## G. W. OPELL COMPANY *v.* PHILLIPS ET AL.

[No. 13,875.   Filed December 20, 1929.]

*Ewing R. Emison, William S. Hoover* and *W. J. Goff,* for appellant.

*Curtis G. Shake* and *Joseph W. Kimmell,* for appellees.

ENLOE, J.—There is no dispute as to the essential facts of this case, which are, in substance, as follows: Charles Phillips was an employee of the G. W. Opell Company, at Vincennes, Indiana, at a wage of $20 per week. His work, in the main, consisted of assisting in loading automobile trucks with bread at the plant of his

employer and then driving one of said trucks over a route and making deliveries of bread. On the morning of March 23, 1928, he had gone to the plant of his employer at about one o'clock a. m., as was his custom, to assist in the loading of said trucks, and at about five o'clock a. m., as was his custom, the trucks having been loaded, he took the truck which he was to drive on said route and drove to his home for the purpose of getting his breakfast. He left the truck standing in the street in front of his home, went in and got his breakfast, and then, taking a bucket, he procured some water and went to said truck to put water in the radiator. While he was putting water in the said radiator, he received a gunshot wound from which he shortly thereafter died. On hearing said shot, his wife and his mother rushed from the house to the street and found Phillips lying in the street at the side of said truck. In answer to an inquiry by his mother, he said: "Mom, I have been shot," and in answer to a further inquiry as to who had shot him, he said: "That crazy man," at the same time he pointed to the house in which lived one Darius Green. Phillips was survived by a wife and two children, who made the application for an award of compensation herein. A hearing before a single member of the board resulted in an award denying compensation. On review by the full board, that board, by a majority of its members, awarded compensation, from which award this appeal is prosecuted. The only question we need to consider is as to the sufficiency of the evidence to sustain said award.

It appears from the record that, shortly after the shooting, the police department was notified of the fact, and that one Martin, chief of police, and officer Carr went to the home of Green and placed him under arrest; that they took him to the police station, and, about one to one and one-half hours

after the shooting, they had a conversation with said Green. On the hearing, the said chief of police was offered as a witness by the appellee, and, during the course of the examination in chief, he was asked if he had any conversation with Green, and replying in the affirmative, he was then asked to state what Green, in that conversation, had said with reference to the shooting. Timely and proper objection was made to this question, and the hearing member then sustained the objection. After being further interrogated, and after the witness had stated that this conversation took place, "possibly an hour, an hour and a half" after the shooting, he was asked to tell in substance what Green had then said with reference to the shooting. To this question also a proper and timely objection was made, but the objection was overruled and the witness permitted to state what Green had said as to his reason or motive in shooting Phillips. To this ruling, appellant saved a proper exception and now presents the same as being error. This testimony was not a part of the *res gestae;* it was pure hearsay. In the case of *Hege & Co.* v. *Tompkins* (1919), 69 Ind. App. 273, 121 N. E. 677, this court recognized the rule as to hearsay testimony, and that the same was incompetent to establish a liability, unless such testimony had been admitted *without objection thereto.* In *Kauffman* v. *Bardo* (1925), 83 Ind. App. 482, 148 N. E. 496, the rule that hearsay testimony was incompetent was again recognized, and in *Indiana Bell Tel. Co.* v. *Haufe* (1924), 81 Ind. App. 660, 144 N. E. 844, the cause was reversed because the award rested, as to an essential fact, upon hearsay testimony only. We, therefore, conclude that said hearsay testimony should have been excluded.

Counsel for appellee seek to avoid the effect of said ruling by insisting that the same testimony was later

received without any objection having been made thereto. The record discloses that later, in the further examination of the same witness, he was again asked to detail the conversation, in substance, which he had had with said Green, and that the witness again detailed the said conversation. It is not the law in this state that counsel must continue to object to each question when all of said questions relate to the same matter. The law does not require the doing of useless things, and the court having once ruled upon a proper and timely objection, counsel are not required to incumber the record by making the same objection to the same offered testimony when offered later in the trial. *Eisenshank* v. *State* (1926), 197 Ind. 463, 150 N. E. 365.

The instant case does not fall within the rule, as to "peril of the street," as announced in *Katz* v. *Kadans & Co.* (1922), 232 N. Y. 420, 134 N. E. 330, 23 A. L. R. 401. To bring a case within the abovementioned rule, one of the elements necessary is: The accident must be of such a nature that it is peculiar to the use of the street, otherwise there must be a causal connection between such accident and the performance of some service of the employment. *Gooch* v. *Industrial Com.* (1926), 322 Ill. 586, 153 N. E. 624.

If we strike out said incompetent testimony, there is no basis for an award of compensation in this case, and it therefore follows that this cause must be and the same is hereby reversed, with direction to the Industrial Board to set aside its said award, and for further proceedings.