NATIONAL MALLEABLE AND CASTING COMPANY *v.* HOLLIDAY ET AL.

[No. 14,377.   Filed January 29, 1932.]

*James W. Fesler, Harvey J. Elam, Howard S. Young* and *Irving M. Fauvre,* for appellant.

*Wilbur H. Grant, W. S. Henry* and *Henry R. Wilson, Jr.,* for appellees.

NEAL, J.—This is an appeal from an award of the Industrial Board, by which appellees, the wife and children of Joseph Holliday, Sr., decedent, were awarded compensation on account of the death of the decedent alleged to be due to an accident arising out of and in the course of his employment by appellant.

A majority of the members of the Industrial Board found that Joseph Holliday, Sr., on May 4, 1930, was in the employ of the National Malleable and Steel Casting Company at an average weekly wage of $26.79, and on said date he received a personal injury as a result of an accident arising out of and in the course of his employment; that said accidental injury resulted in the death of Joseph Holliday, Sr., on May 30, 1930; that defendant (appellant herein) had knowledge of said accidental injury and death; that decedent left surviving him, as his only dependents, his wife and eight children (naming them). Upon this finding, appellant was ordered to pay appellees compensation at the rate of $14.74 per week for 300 weeks. Appellant was further ordered to pay all necessary medical, surgical and hospital expenses occasioned by the injury for the first 30 days after the date of such injury and $100 funeral expenses of deceased.

The only question to be herein decided relates to the sufficiency of the evidence to support the award. Appellant argues that there is no competent evidence to support the finding and award; that there was any accident in the course of the employment or that any accident was the cause of the death of decedent.

The evidence discloses that Joseph Holliday, Sr., was, on April 9, 1930, employed by appellant at an average weekly wage of $26.79. No one testified that he saw the decedent receive any injury, nor was there any one who testified, from his own personal knowledge acquired at the time, that decedent re-

ceived any injury in the course of his employment by appellant if, in fact, decedent actually sustained any injury at appellant's factory. However, Gussie Holliday, widow of the deceased, testified at the hearing that, when decedent returned home from work on the evening of April 9, 1930, he was limping, and, over the objection of appellant, she testified that he told her "I sprained my leg, my mould slipped and I made a misstep and it put part of the weight on my leg and I sprained it." Such testimony as to statements made to the widow by decedent sometime after the injury complained of occurred are hearsay and are not competent. *Columbian Enameling, etc., Co.* v. *Cramer* (1927), 86 Ind. App. 164, 156 N. E. 467.

Appellee contends that the statements made by decedent to the doctor and nurse employed by appellant company are admissible to show the manner in which the alleged injury was received. Even if such evidence were admissible for this purpose (which we do not concede), such evidence fails to establish that any injury was received by decedent in the course of his employment by appellant. It follows that the finding is not sustained by sufficient evidence and that the award is contrary to law.

The award is reversed, with directions to the Industrial Board to vacate the award and to grant a rehearing.