WHITE SWAN LAUNDRY *v.* MUZOLF ET UX.

[No. 16,956.   Filed June 16, 1942.]

*Jones, Obenchain & Butler,* of South Bend, for appellant.

*Edward B. Smith,* of South Bend, for appellees.

DEVOSS, J.—This is an appeal by appellant, White Swan Laundry, from an award of a majority of the full Industrial Board of Indiana, granting compensation to appellees, Steve Muzolf and Stella Muzolf, as partial dependents of Al Muzolf, for the death of said Al Muzolf because of an injury alleged to have resulted from an accident arising out of and in the course of his employment by appellant.

Error properly assigned and relied on for reversal is that the award of the full Industrial Board is contrary to law.

It is contended by appellant, first, that there is no competent evidence to sustain the finding that appellees' decedent sustained a personal injury caused by an accident arising out of and in the course of his employment by appellant; second, there is no competent evidence to sustain the finding that the cause of death was materially aggravated by the injury sustained and that the injury materially contributed to hasten death; third, there is no competent evidence to sustain the finding that appellees were partially dependent upon the decedent.

No eyewitness to the alleged accidental injury testified. Steve Muzolf, the father of decedent, testified that about two weeks after the accident happened, the decedent told him that he lifted a big bundle at the Oliver Hotel and that he was on a special at that time; the driver was waiting for him and he hurried and hit himself on the corner of the desk. The appellant objected to the introduction of this evidence

and moved to strike it out for the reason that it was no part of the *res gestae*. The objection to the introduction of this evidence and the motion to strike out were overruled. This testimony was not a part of the *res gestae*, but was hearsay. The rule against hearsay testimony has prevailed in Indiana for many years. *Columbia Enameling etc. Co.* v. *Cramer* (1927), 86 Ind. App. 164, 156 N. E. 467; *Indiana Bell Tel. Co.* v. *Haufe* (1924), 81 Ind. App. 660, 144 N. E. 844; *G. W. Opell Co.* v. *Phillips* (1929), 90 Ind. App. 552, 169 N. E. 354; *Kauffman* v. *Bardo* (1925), 83 Ind. App. 482, 148 N. E. 496.

It was not reversible error to admit this evidence, but, unless it was corroborated by some competent evidence, it could not be the basis of an award.

The application for adjustment of compensation alleged that the injury complained of was received on July 27, 1939. Stella Muzolf, the mother of decedent, testified that about the 27th or 28th of July, 1939, about the same day he was injured, the decedent told her he had bumped himself at the Oliver Hotel, and that she had rubbed him down and had observed a bruised place on his back. Appellant objected to this testimony on the grounds that it was no part of the *res gestae*. This evidence was hearsay and can have no probative force by reason thereof. In the case of *National Malleable etc. Co.* v. *Holliday* (1932), 94 Ind. App. 34, 179 N. E. 571, the widow of the deceased testified at the hearing that when decedent returned home from work on the evening of April 9, 1930, he was limping and that he told her, "I sprained my leg, my mould slipped and I made a misstep and it put part of the weight on my leg and I sprained it." Relative to such testimony, the court said "Such testi-

mony as to statements made to the widow by decedent sometime after the injury complained of occurred are hearsay and are not competent." See also *Morris* v. *Miller* (1931), 93 Ind. App. 534, 179 N. E. 29.

No other evidence was introduced relative to the happening of the accident and receiving of the injury except the statements made to the examining physicians by decedent as a history of the case, narrative in form, and no part of the *res gestae*. These statements were made some two weeks or more after the alleged accident and have no probative value in fixing the time or place of the accident nor in determining that an accidental injury occurred, and are not admissible for that purpose.

The record does not disclose that a report of an injury was ever received by appellant.

We have read all the evidence submitted and are compelled to reach the conclusion that no legitimate evidence has been adduced to prove that the decedent received an injury arising out of and in the course of his employment, and that by reason thereof, this award must be reversed.

We are of the opinion however that there is sufficient evidence to warrant the finding of the board that the cause of death was materially aggravated and accelerated by an injury and that appellees were partially dependent on decedent for maintenance and support.

The award is reversed with directions to the Industrial Board to grant a rehearing.

Curtis J. dissenting.

NOTE.—Reported in 42 N. E. (2d) 391.