BETTY JANE ROBINSON, VIRGINIA ANN LECKLIDER AND
DEVINE ROBINSON *v.* TWIGG INDUSTRIES, INC.

[No. 1071A214.  Filed December 5, 1972.]

*Kagan and Barker,* of Martinsville, for appellants.

*Theodore L. Locke, Jr., Lock, Reynolds, Boyd & Weisell,* of Indianapolis, for appellee.

SULLIVAN, J.—Petitioners-appellants are the widow and dependent children of decedent, Lonnie Robinson, an employee of the appellee, Twigg Industries, Inc. at the time of his death. Decedent allegedly suffered an injury in the course of his employment. The alleged injury was not reported to the company but Robinson allegedly told other persons of the injury. He died at his home approximately three days later of a ruptured aorta.

Petitioners filed for workman's compensation death benefits. The hearing officer rendered an award in favor of the defendant-employer which was confirmed upon review before the full Industrial Board. Upon appeal to this court, we directed that, by way of revised Findings of Fact, the full Industrial Board apprise this court of the specific basis for its negative award. *Robinson* v. *Twigg Industries, Inc.* (1972), 151 Ind. App. 691, 281 N.E.2d 135.

Such findings now before us and insofar as pertinent are as follows:

> "That on or about December 10, 1966, and for several days preceding that date plaintiffs' decedent, Lonnie Robinson, was in the employ of the defendant at an average weekly wage in excess of the maximum."
>
> * * *
>
> "That on the morning of December 10, 1966, at approximately 2:00 A.M. the said plaintiffs' decedent, Lonnie Robinson, was found dead on the floor in the locked bathroom of his home; that his said death resulted from a ruptured aorta; that at the time of his death the said decedent was not performing any services whatsoever for

the defendant herein; that the said affliction from which the said decedent died was not the result of any accidental injury arising out of and in the course of his employment with the defendant herein but *was due to causes wholly unrelated to his employment* with the defendant herein." (Emphasis supplied)[1]

Appellants assign as error (1) that the Industrial Board award is contrary to law; and (2) that the Board committed error by not admitting hearsay testimony concerning decedent's accident and injury.

This review is addressed to a negative award of the Industrial Board. Our case is therefore to be distinguished from *Transport Motor Express, Inc.* v. *Smith* (1972), 289 N.E.2d 737.

In the *Transport Motor Express* case, we said at footnote #10:

"Some negative awards are the lawful and proper result of there being no evidence at all in the record as to some one or more relevant questions of basic fact. In such a case it is impossible for the Board to find either that such basic fact does exist or that it does not exist, but the Board can and should find that there is no evidence either affirming or negating such fact. If, however, the Board fails to make the appropriate "no evidence" finding, the reviewing court can affirm such an award without thereby usurping the Board's fact finding authority. To sift the evidence to find that there is no evidence of some fact essential to an affirmative award is not to make a finding of fact."

We further noted an appropriate practice followed in Massachusetts in such situations as enunciated in *Roney's Case* (1944), 316 Mass. 732, 739, 56 N.E.2d 859:

"Nevertheless, a case ordinarily will not be remanded to the reviewing board for the finding of subsidiary facts if the evidence would not warrant a finding contrary to the general finding of the reviewing board. * * * This is not on the ground that it was not the duty of the reviewing board to make findings of subsidiary facts, but is rather on

1. The emphasized portion of the findings was not contained in the original findings submitted to this Court.

the ground that the rights of the parties were not jeopardized by the failure to make such findings * * *, and that it is apparent that such findings would serve no useful purpose, since in no event could such findings, warranted by the evidence, lead to a result contrary to the general finding of the reviewing board."

and added the following observation:

"The Massachusetts practice of reviewing the evidence to see if it would warrant a finding contrary to the general finding before a case is remanded for specific findings of the basic facts may recommend itself to us in some future case where the record is short and the fatal hiatus readily apparent."

In keeping with the aforestated Massachusetts procedure we have determined that there is no evidence of record which would lead to a result contrary to the determination of the Industrial Board. We thus turn to the specific assertions of error made by appellants.

## INDUSTRIAL BOARD AWARD IS NOT CONTRARY TO LAW

Appellants contend that:

1. They have presented sufficient evidence for a finding and award in their favor.
2. They are only required to establish facts by a preponderance of the evidence.
3. All of their evidence stands uncontradicted since the appellee presented no evidence.
4. All of the evidence points to only one conclusion—the decedent died from a blow to the chest at Twigg Industries on December 7, 1966.

Appellant relies upon *Haskell & Barker Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N.E. 555 to illustrate a principle with which we do not quarrel, i.e., that the claimants are only required to establish facts by a preponderance of the evidence. *Haskell* must be distinguished

from the instant case, however, in that it involved an affirmative award by the Board and the employer was appealing the award. The importance of this distinction was revealed by the court when it discussed cases in which the finding was against the defendant and stated:

"These cases would be controlling in the instant case if the finding of the Industrial Board had been in appellant's favor."

Therefore, the reasoning of *Haskell* can not be applied to this case.

Furthermore, appellants fail to distinguish between an initial hearing before the Board and an appeal of a negative award of the Board. The rule concerning such awards is well established.

As this Court stated in *Dooley* v. *Richard's Standard Service* (1969), 145 Ind. App. 470, 251 N.E.2d 449, 450:

"It is not necessary for the Industrial Board or one benefitting by a negative award to justify or support such decision by reference to sufficient or preponderating evidence. It is the claimant's burden in the first instance to prove his right to compensation."

Thus, unless the evidence of record here leads inescapably to the conclusion that the minds of all reasonable men would agree that the claimant's decedent died as a result of an accidental injury arising out of and in the course of his employment, this court cannot disturb the decision of the Industrial Board. *Tichenor* v. *Bryant Lumber Co.* (1970), 147 Ind. App. 382, 261 N.E.2d 78.

We have carefully examined all of the evidence admitted and which is properly of record and thus eligible for consideration by us. That examination leads us to conclude that claimants wholly failed in their burden to prove, by a preponderance of evidence, that the decedent's death was related to an injury arising out of and in the course

of his employment. We accordingly hold that the award of the Board is not contrary to law.

## BOARD IS NOT REQUIRED TO ADMIT HEARSAY EVIDENCE

The rule against hearsay testimony prevails in Indiana administrative hearings as well as in courts of law. *White Swan Laundry* v. *Muzolf* (1942), 111 Ind. App. 691, 42 N.E.2d 391; *National Malleable, etc. Co.* v. *Holliday* (1932), 94 Ind. App. 34, 179 N.E. 571; *Columbian Enameling etc. Co.* v. *Cramer* (1927), 86 Ind. App. 164, 156 N.E. 467.

In spite of this long established doctrine, appellants contend that the hearsay rule should not be strictly followed in a hearing before the Industrial Board. They argue that hearsay evidence should not be excluded by the Board but should be weighed with all of the other evidence. This contention is premised upon a misapplication of *United Paperbook Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N.E. 276, which states:

> "Appellant also bases error on the admission of certain evidence. In doing this, it seeks to apply the strict rules in that regard, adopted and enforced in courts of law. This should not be done. The Industrial Board is not a court, but an administrative body, and should not be held to the same strict rules with respect to the admission of evidence. The general rule seems to be that the admission of incompetent evidence by such boards will not operate to reverse an award, if there be any basis in the competent evidence to support it."

It must be noted that *United Paperbook* questioned the admission of evidence not the exclusion of evidence as in the instant case. In other words, the latter case stands merely for the proposition that improper admission of hearsay evidence will not alone serve to reverse an award of the Board, if such evidence is otherwise corroborated. See *White Swan Laundry* v. *Muzolf, supra,* and *Columbian Enameling etc. Co.* v. *Cramer, supra.*

Appellants additionally cite *Indiana Steel Products Co.* v. *Leonard* (1956), 126 Ind. App. 669, 133 N.E.2d 162 in support of their position. In *Leonard* a fellow employee was allowed to testify as to statements made by the deceased immediately prior to take off in an airplane on what turned out to be the fatal flight. The admitted testimony tended to characterize, in advance, the particular act and showed the intention with which the act was performed. Such is an acknowledged exception to the hearsay rule. *American Security Co.* v. *Minard* (1948), 118 Ind. App. 310, 77 N.E.2d 762.

The testimony argued by appellants to be here admissible were statements purportedly made by the decedent to his widow and to co-employees, some time after the alleged accidental injury was sustained. The *Leonard* case, *supra,* is therefore inapplicable to the facts here considered.

Though in a posture converse to that of *National Malleable & Casting Co.* v. *Holliday, supra,* we deem our case to fall within the factual and legal purview of *National Malleable* wherein the court in placing those facts within the applicable law said:

"No one testified that he saw the decedent receive any injury, nor was there any one who testified, from his own personal knowledge acquired at the time, that decedent received any injury in the course of his employment by appellant if, in fact, decedent actually sustained any injury at appellant's factory. However, Gussie Holliday, widow of the deceased, testified at the hearing that, when decedent returned home from work on the evening of April 9, 1930, he was limping, and, over the objection of appellant, she testified that he told her 'I sprained my leg, my mould slipped and I made a mistep and it put part of the weight on my leg and I sprained it.' Such testimony as to statements made to the widow by decedent sometime after the injury complained of occurred are hearsay and are not competent. [citation omitted] Appellee contends that the statements made by decedent to the doctor and nurse employed by appellant company are admissible to show the manner in

which the alleged injury was received. Even if such evidence were admissible for this purpose (which we do not concede), such evidence fails to establish that any injury was received by decedent in the course of his employment by appellant." 94 Ind. App. 34, 35-36.

The award of the Industrial Board is affirmed.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 289 N.E.2d 733.