C.T.S. CORPORATION *v.* PHILIP SCHOULTON, ADMINISTRATOR OF THE ESTATE OF MANLEY J. ROBINSON, SR., DECEASED.

[No. 1278S289. Filed December 13, 1978.]

*Arthur A. May, Crumpacker, May, Searer, Oberfell & Helling*, of South Bend, for appellant.

*Frank J. Petsche, David L. Matthews & Associates*, of South Bend, for appellee.

PRENTICE, J. — This case is before us upon the petition of "Employer" (defendant-appellant) to transfer the cause from the Court of Appeals (Second District), that court having affirmed the award of the Industrial Board which granted benefits to the estate of "Employee" (plaintiff-appellee). Said decision is an erroneous decision upon a new question of law and is in conflict with prior opinions of the Court of Appeals and it predecessor, the Appellate Court.[1] Accordingly said decision and accompanying opinion, which may be found at 354 N.E.2d 324, are now vacated; and Employer's petition to transfer is hereby granted.

Employee died of acute liver and kidney failure which the Board found to be occasioned by inhalation of toxic fumes. The question before us is whether there was sufficient evidence of record to establish that the inhalation of toxic fumes was sustained in the course and scope of employment. More particularly Employer takes issue with the Board's consideration of hearsay evidence which established the causal connection.

There is undisputed evidence that trichloroethylene, a degreasing cleaning agent, was used by employees for many purposes in Employer's plant. Despite some discrepancy in terminology, the cleaning agent used in the plant had toxic properties.

Employee's treating physician saw Employee at a truck stop in Jones, Michigan on October 16 or 17, 1970 after Employee had complained of

---

1. For example, see: *Bohn Aluminum & Brass Co. v. Kinney*, (1974) 161 Ind.App. 128, 314 N.E.2d 780; *Robinson v. Twigg Industries, Inc.*, (1972) 154 Ind.App. 339, 289 N.E.2d 733; *Asbestos Insulating & Roofing Co. v. Schrock*, (1943) 114 Ind.App. 177, 51 N.E.2d 395, overruled by *American Security Co. v. Minard*, (1948) 118 Ind.App. 310, 77 N.E.2d 762; *City of Anderson v. Borton*, (1962) 132 Ind.App. 684, 178 N.E.2d 904; *White Swan Laundry v. Muzolf*, (1942) 111 Ind.App. 691, 42 N.E.2d 391; *McCoy v. General Glass Corp.*, (1938) 106 Ind.App. 116, 17 N.E.2d 473; *National Malleable & Casting Co. v. Holliday*, (1932) 94 Ind.App. 34, 179 N.E. 571; *G. W. Opell Co. v. Phillips*, (1929) 90 Ind.App. 552, 169 N.E. 354; *Bell Telephone Co. v. Haufe*, (1924) 81 Ind.App. 660, 144 N.E. 844; *Small, Workmen's Compensation Law of Indiana* § 12.6, 388-89 (1950).

nausea, vomiting and general weakness. The condition worsened and Employee was hospitalized on October 19 with nausea, vomiting and distended stomach, enlarged liver and low urine output. On October 24, he died as a result of kidney and liver failure.

Employee had a medical history of alcoholism and a liver condition, i.e., infectious hepatitis. An autopsy, however, disclosed that the liver was not cirrhotic and it was concluded by the pathologist that neither cirrhosis nor alcoholism caused the liver and kidney failure. It was the medical opinion of Employee's treating physician and a consulting physician that Employee died from the toxic effect of massive inhalation of cleaning solvent occasioned when a full drum or bucket of the solvent spilled on the floor at Employer's plant.

The only evidence that there was, in fact, such an occurrence came via hearsay evidence. Employee's treating physician testified that he was asked by Employee's sister-in-law, during Employee's hospitalization, whether his condition could have been caused by exposure to cleaning solvent. The inquiry prompted the physician to question Employee directly, who, in response, stated that "he had tripped over a barrel or bucket of cleaning solvent and that it spilled all over the floor and that he got down and cleaned it up."

Employee's representative takes the inferential position that such hearsay was properly considered by the Full Board and that in light of the surrounding circumstances, i.e., the availability and frequent use of the cleaning agent by employees, including the decedent here, such evidence is sufficient to support the award.

Employer concedes that a "medical history," even though hearsay, might form the basis of a medical opinion but correctly asserts that prior case law has held that such "history" may not be used as proof of the fact or facts contained in the history given by the patient, nor may such be considered as basis for an award. *City of Anderson v. Borton*, (1962) 132 Ind.App. 684, 178 N.E.2d 904. It is not disputed by Employee's representative that the conclusions of the medical experts regarding the industrial spilling occurrence as the cause of toxic inhalation and the consequent kidney and liver failure, were based principally, if not entirely upon the statement made by decedent to his treating physician.

We do not perceive the determinative issue clearly to be that posed by Employer, i.e., whether hearsay statements may be considered by the Board as evidence to establish that Robinson's death was due to an industrial accident. Rather, we view the issue to be whether such causal relationship may be established solely by such hearsay, and we hold that it may not.

In an early case, *McCoy v. General Glass Corp.*, (1938) 106 Ind.App. 116, 17 N.E.2d 473, it was held reversible error to admit a coroner's verdict as to cause of death in a Workman's Compensation claim. It further held reversible error in the admission of testimony as to cause of death when that opinion was premised upon hearsay information which the physician obtained in his investigation as coroner. This principle, as to establishment of cause of death, was reaffirmed in *Indiana Steel Products Co. v. Leonard*, (1956) 126 Ind.App. 669, 131 N.E.2d 162. *See also generally, Indiana Bell Telephone Co. v. Haufe*, (1924) 81 Ind.App. 660, 144 N.E. 844.

In the recent past the Court of Appeals upheld the exclusion of such hearsay evidence notwithstanding acknowledgment that the strict rules of evidence do not apply to workman's compensation proceedings.[2] *Robinson v. Twigg Industries, Inc.*, (1972) 154 Ind.App. 339, 289 N.E.2d 733. *Compare* with *Lewis v. Review Board*, (1972) 152 Ind.App. 187, 282 N.E.2d 876 and *Red Cab Inc. v. Ziegner*, (1940) 108 Ind.App. 607, 29 N.E.2d 330.

A somewhat more relaxed rule is evidenced by a line of cases represented by *City of Anderson v. Borton, supra*, and *White Swan Laundry v. Muzolf*, (1942) 111 Ind.App. 691, 42 N.E.2d 391, which held that admission of hearsay of the nature rejected in *McCoy, supra*, while not cause for reversal, could nevertheless not form the basis of an Industrial Board award unless corroborated. *But see Asbestos Insulating & Roofing Co. v. Schrock*, (1943) 114 Ind.App. 177, 51 N.E.2d 395 (overruled by

---

2. Indiana Administrative Rules and Regulations (40-1510)-1 (Burns 1976 ed.) provides: "The industrial board will not be bound by the usual common law or statutory rules of pleading and evidence, or by any technical rules of practice in conducting hearings, but will conduct such hearings and make such investigations in reference to the questions at issue in such manner as in its judgment are best adapted to ascertain and determine expeditiously and accurately the substantial rights of the parties and to carry out justly the spirit of 'The Indiana Workmen's Compensation Act' . . . ."

*American Security Co. v. Minard,* (1948) 118 Ind.App. 310, 77 N.E.2d 762). And more recently, in *Bohn Aluminum Brass Co. v. Kinney,* (1974) 161 Ind.App. 128, 314 N.E.2d 780, the Court of Appeals affirmed the Board's exclusion of hearsay although it indicated that had the Board admitted such evidence, it might not have been compelled to reverse the award. *See* 314 N.E.2d at 786.

In a civil case, *American United Life Insurance Co. v. Peffley,* (1973) 158 Ind.App. 29, 301 N.E.2d 651, the Court of Appeals recognized that hearsay not falling within a traditionally recognized exception might nevertheless be considered as having probative value if there were shown "a circumstantial probability of trustworthiness, and a necessity, for the evidence." *V. Wigmore, Evidence* § 1420 (Chadbourn rev. 1974) at p. 251. We reject this view.

It is Employee's position that the evidence in controversy here bears both such attributes, i.e., is both necessary, as the declarant is dead, and trustworthy because given only in response to direct inquiry by declarant's treating physician. In view of our holding, however, we need not determine those questions.

A majority of the jurisdictions that have confronted the question of whether or not an award may be premised upon hearsay alone have adopted what has come to be known as the "residuum rule" or a counterpart thereof. *See Anno.* 36 A.L.R.3d 12. The rule permits the board, in its discretion, to accept any evidence offered; but there, nevertheless, must be a "residuum" of legal evidence to support the claim before an award can be made. *Carroll v. Knickerbocker Ice Co.,* (1916) 218 N.Y. 435, 440, 113 N.E. 507, 509.

Although the rule has been eroded somewhat in New York, we are of the opinion that it is to be preferred over the practice of permitting the administrative agency judges to exercise unbridled discretion in determining, in the light of the circumstances of each case, whether or not particular evidence, inadmissible in a trial court, is sufficiently reliable to support the claim. Opponents of the rule are quick to point out that rejection of the rule does not require a reviewing court to accept a finding based upon incompetent evidence but only that it may accept it or not, according to its own determination of whether the supporting

evidence was reliable and substantial. Such a viewpoint is not compatible with our established rule of appellate review against determining the weight of the evidence and the credibility of witnesses.

There simply is no logic to bestowing upon administrative agencies the unrestricted right to ignore the hearsay rule—a right for good reasons denied to juries and trial judges as fact finders. Administrative tribunals have their justification in the proliferation of specialized litigation. Of necessity, technical rules of evidence and procedure have had to be relaxed to accommodate reality. There is no basis, however, for suggesting, as opponents of the rule appear to do, that administrative agency fact finders are more perceptive of truth, than are judges and juries, or that they are more likely to find the truth when left to their own devices than when operating under time tested and honored rules of evidence.

We adopt the views of Chief Judge Buchanan who wrote in his dissent, as follows:

"Whether the fact-finder be a trial court, administrative agency, or a jury, the principle is the same ... (1) the out-of-court declarant is ordinarily not under oath when he makes the assertion; (2) the trier of fact is deprived of the opportunity to observe the declarant's demeanor and judge his credibility as the assertion is made; (3) the possibility of fraud or inaccuracy is great; and (4) the opposing party is denied the opportunity to cross-examine the out-of-court declarant on the truth of his assertion. *See* 5 *Wigmore on Evidence* § 1362 (1974); *McCormick, Evidence* § 245 (1972).

"The Residuum Rule is a logical development of the Hearsay Rule. Although the majority is correct that the Residuum Rule originated in the New York case of *Carroll v. Knickerbocker Ice Co.*, 218 N.Y. 435, 113 N.E. 507 (1916), it spread rapidly and is now accepted in varying degrees by at least twenty-one (21) other jurisdictions. *See* Annot., 36 A.L.R.3d 12 (1971).

"Indiana courts have unerringly applied a modified version of the Residuum Rule. It is improper (albeit not reversible error) for the Industrial Board to admit incompetent hearsay and an award must be supported by some competent evidence presented at the hearing.[2] * * *

"While I experience some discomfort with the breadth of the Residuum Rule as it exists in other jurisdictions, this is not cause to reject entirely the modified version developed in Indiana as the majority has done.

"As the law now exists in Indiana, administrative agencies such as the Industrial Board exercise a quasi-judicial function and, although not as strictly as courts of law, are subject to the operation of the Hearsay Rule. *See* cases cited *supra*.

"In eradicating the Hearsay Rule, the majority does not take account of the considerable leeway presently allowed the Board with respect to hearsay. The Board can admit all hearsay evidence without fear of automatic reversal. If properly objected to at the hearing and preserved on review and not falling within a recognized exception to the Hearsay Rule, then an award may not be based solely upon such hearsay. But if not objected to, the hearsay (incompetent evidence) may form the basis for an award.

"See *Bohn Aluminum & Brass Co. v. Kinney, supra; Hinshaw v. Waddell*, (1957) 128 Ind.App. 67, 142 N.E.2d 640; *Page v. Board of Commissioners of County of Clay*, (1973) 155 Ind.App. 215, 292 N.E.2d 254; *Hege & Co. v. Tompkins*, (1918) 69 Ind.App. 273 121 N.E. 677; *Indiana Bell Telephone Co. v. Haufe, supra.*

*See also*: Annot., 36 A.L.R.3d 12, § 2(b), 30-31 (1971); 2 Am.Jur.2d *Administrative law* § 425 (1962).

"As we said about three years ago in *Page v. Board of Commissioners of County of Clay, supra:*

'■ Incompetent evidence then may support a workmen's compensation award of benefits if the claimant (sic) fails to object to the incompetent evidence. Such waiver is in keeping with established practice in trial courts where evidentiary rules are even more strict. *Hinsaw v. Waddell*, 128 Ind.App. 67, 142 N.E.2d 640, *supra*, follows established practice in the trial courts and we see no logic or authority dictating a change for administrative agencies." 292 N.E.2d at 258.

"The Indiana modification of the Residuum Rule is undeserving of

a dust bin in history . . . because it sets out a rational outer limit on how far an administrative agency can go in basing its decisions on unreliable evidence."

The award of the Industrial Board is reversed and the cause is remanded with instructions to grant Employer (Appellant) a rehearing.

Givan, C.J. and Pivarnik, J. concur.

DeBruler and Hunter, JJ. dissent.

NOTE—Reported at 383 N.E.2d 293.