**Robert J. EADS, Appellant–Plaintiff,**

**v.**

**PERRY TOWNSHIP FIRE DEPT. and ESI, Appellees–Defendants.**

No. 93A02–0406–EX–496.

Court of Appeals of Indiana.

Nov. 5, 2004.

Matthew Langenbacher, Indianapolis, IN, Attorney for Appellant.

Michael A. Schoening, Nation Schoening Moll, P.C., Fortville, IN, Attorney for Appellees.

**OPINION**

BAKER, Judge.

Appellant-plaintiff Robert Eads appeals from the Full Worker's Compensation Board's (Board) decision in his case against appellees-defendants Perry Township Fire Department (Department), his employer, and Employer's Security Insurance Company (ESI) awarding him no medical benefits for injuries he sustained while at work. Specifically, Eads raises three issues, but we find one dispositive: whether the Board erred in finding that Eads's application was barred by the applicable Statute of Limitations. Finding no error, we affirm.[1]

*FACTS*

On January 14, 2000, Eads slipped on ice at work, injuring his right anterior cruciate ligament (ACL). The Department's worker's compensation policy covered medical benefits only pursuant to Indiana Code section 22–3–2–2(c)(1) and (2).[2] ESI provided medical benefits to Eads, including reconstructive surgery on his right ACL. During his period of total temporary disability (TTD), Eads did not receive TTD compensation. However, he did receive his full pay under the Department's sick leave policy from January 15, 2000 until March 9, 2000, when he returned to work with restrictions accommodated by the Department. On November 30, 2000, Eads received a letter from ESI informing him that he had zero percent permanent partial impairment (PPI) and that ESI would not cover any additional treatment for his knee.

As he recovered, Eads's range of motion improved to the point where he could play catcher in softball. However, he noticed that his knee began to feel looser in February or March 2002. On August 11, 2002, Eads's right knee "popped out" as he stepped out of the fire engine.[3] Appellant's App. p. 7. The fall resulted in a fractured left wrist, and Indiana Public Employers Plan (IPEP) provided the necessary medical benefits for the wrist injury but not for the knee.

On September 3, 2002, Eads filed an Application for Adjustment of Claim, asserting a change of condition related to the injury suffered on January 14, 2000. The matter came before the Individual Hearing

---

1. Eads's September 21, 2004 motion for oral argument is hereby denied.

2. Indiana Code section 22–3–2–2(c) provides:

    IC 22–3–2 through IC 22–3–6 does not apply to employees of municipal corporations in Indiana who are members of:

    (1) the fire department or police department of any such municipality; and
    (2) a firefighters' pension fund or of a police officers' pension fund.

3. Neither Eads nor the Department argue that this was a separate injury from the initial injury to Eads's knee.

Member, Judge John A. Rader, for an evidentiary hearing on September 24, 2003. On December 10, 2003, the individual hearing member entered a ruling against Eads and in favor of the Department, finding that the application was barred by the applicable statute of limitations. This order was affirmed by the Full Board on May 24, 2004, and Eads now appeals.

## DISCUSSION AND DECISION

■ Eads contends that the Board erred in finding that the statute of limitations barred his application. Specifically, he argues that the statute of limitations did not begin to run until November 30, 2000, the date on which he was informed that his medical benefits had been terminated.

■ When reviewing the decisions of the Board, we are bound by the factual determinations of the Board and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion. *U.S. Steel Corp. v. Spencer*, 655 N.E.2d 1243, 1246 (Ind.Ct.App.1995). Additionally, all unfavorable evidence must be disregarded in favor of an examination of only that evidence and the reasonable inferences therefrom which support the Board's findings. *Id.* Moreover, we neither reweigh the evidence nor judge the witness's credibility. *Id.*

■ The statute of limitations that applies to all applications for Worker's Compensation benefits filed with the Board is found at Indiana Code section 22–3–3–3, which provides in pertinent part:

The right to compensation under IC 22–3–2 through IC 22–3–6 shall be forever barred unless within two (2) years after the occurrence of the accident, or if death results therefrom, within two (2) years after such death, a claim for compensation thereunder shall be filed with the worker's compensation board.

The continuing jurisdiction of the Board is defined by Indiana Code section 22–3–3–27, which provides in pertinent part:

(c) The board shall not make any such modification upon its own motion nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, except that applications for increased permanent partial impairment are barred unless filed within one (1) year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award.

"[T]he Board [has] continuing jurisdiction to award medical expenses beyond the period of limitation set forth in Ind.Code § 22–3–3–27(c) so long as an application for such benefits 'is filed within one year from the last day on which compensation was paid, whether under the original award ⸴or a previous modification.'" *Halteman Swim Club v. Duguid*, 757 N.E.2d 1017, 1020 (Ind.Ct.App.2001) (quoting *Gregg v. Sun Oil Co.*, 180 Ind.App. 379, 388 N.E.2d 588, 589 (1979)).

We held in *Berry v. Anaconda Corp.*, 534 N.E.2d 250 (Ind.Ct.App.1989), that the statute of limitations began to run as of the last date benefit payments were made. In *Halteman,* Duguid attempted to circumvent *Gregg* by arguing that her Application was not for PPI, but for medical expenses. *Halteman,* 757 N.E.2d at 1020. The *Halteman* court found that to be a distinction without a difference because "*Gregg* specifically applied its holding to medical expenses as well as to PPI." *Id.* Thus, we reversed the Board's decision to deny Halteman's motion to dismiss because Duguid's Application was untimely

and barred by the applicable statute of limitations. *Id.* at 1021.

Similarly, Eads argues here that the statute of limitations does not apply to him because he did not receive TTD benefits, and "[h]e is only seeking medical benefits." Appellant's Br. p. 15. Again, we find this to be a distinction without a difference. Eads did not receive TTD benefits because he received his full pay under the Department's sick leave policy from January 15, 2000 until March 9, 2000. Tr. p. 11. At that point, Eads had received all of his medical benefits and compensation. Thus, the latest date Eads could have filed his application, under any interpretation of the statute of limitations, was March 9, 2002. Because Eads did not file until September 3, 2002, we find that the Board did not err in finding that the application was barred by the statute of limitations. Therefore the Board properly ruled against Eads in his application for adjustment of claim.

The award of the Board is affirmed.

KIRSCH, C.J., and ROBB, J., concur.