## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 03 2018, 9:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John H. Halstead
Kightlinger & Gray, LLP
Merrillville, Indiana

ATTORNEY FOR APPELLEE

Jeffrey Sturm
George C. Patrick & Associates
Crown Point, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Ameristar Casino,

*Appellant-Defendant,*

v.

Margaret Romero,

*Appellee-Plaintiff.*

July 3, 2018

Court of Appeals Case No.
17A-EX-3053

Appeal from the Worker's
Compensation Board of Indiana

The Honorable Linda Peterson
Hamilton, Chairperson

Application No.
C-230740

**Najam, Judge.**

## Statement of the Case

[1] Ameristar Casino ("Ameristar") appeals the decision of the Worker's

Compensation Board ("the Board") in which the Board determined that

Margaret Romero was entitled to worker's compensation benefits for injuries she sustained while working for Ameristar. Ameristar raises the following three issues for our review:

1. Whether the Board erred when it relied on a vocational report prepared by Romero's expert.

2. Whether the Board erred when it found that Romero could no longer maintain reasonable employment.

3. Whether the Board erred when it calculated Romero's combined permanent partial impairment rating.

And Romero raises the following issue:

4. Whether we should increase her award by 10%.

We affirm the judgment of the Board and agree with Romero's request to increase her award by 10%.

## Facts and Procedural History

On June 9, 2014, Romero was injured in the course and scope of her employment with Ameristar. In particular, as a result of a slip and fall, Romero injured her neck, back, and right shoulder. Ameristar acknowledged that Romero had suffered a compensable, work-related injury, and it paid her temporary total disability benefits.

Thereafter, Romero filed an application for worker's compensation benefits, and a Single Hearing Member held a fact-finding hearing on her claim.

Following that hearing, the Single Hearing Member entered findings of fact and conclusions thereon for Romero. Ameristar appealed that decision to the full Board, and the Board in turn entered the following findings of fact:

1. On October 26, 2016, Dr. Gregory McComis provided the Board with an independent medical evaluation of Plaintiff and concluded her injuries of June 9, 2014, were work related and entitled her to authorized treatment.

2. Thereafter, Dr. [Nitin] Khanna provided Plaintiff with authorized treatment, found her at maximum medical improvement (MMI) and evaluated her for impairment.

3. Dr. Khanna provided authorized treatment and gave Plaintiff a 9% whole person permanent partial impairment (PPI) rating for her cervical spine fusion.

4. Dr. Khanna provided authorized treatment and gave Plaintiff a 12% PPI rating for the whole person for her lumbar spine fusion.

5. On June 29, 2015, Dr. Khanna combined these two PPI ratings to provide Plaintiff with a 21% PPI of the whole person for her lumbar and cervical spine injuries.

6. Subsequently, Dr. [Sunil] Dedhia provided Plaintiff with authorized treatment for her shoulder injury only, and not for her lumbar spine and cervical spine injuries.

7. In the course of treatment, Dr. Dedhia concluded Plaintiff was in need of physical therapy for her condition, stating he expected her to be at MMI . . . in the range of six to nine . . . months.

8.     On August 17, 2016, Plaintiff began physical therapy with Athletico.

9.     On November 10, 2016, Dr. Dedhia found Plaintiff at [MMI] and gave Plaintiff a 12% PPI rating for her right shoulder for a full thickness rotator cuff tear and tear of the biceps tendon.

10.     Dr. Dedhia converted that into a whole person PPI rating of 7% for her shoulder, which is in addition to the previous finding of a 21% whole person rating for her lumbar and cervical spine injuries.

11.     Defendant has stipulated that Plaintiff's cervical fusion, lumbar fusion, rotator cuff tear, and bicep tear are compensable injuries.

12.     The combined whole person PPI rating given to Plaintiff by Dr. Khanna and Dr. Dedhia is 28% for her lumbar spine, cervical spine[,] and shoulder injuries.

13.     Plaintiff filed [her functional capacity evaluation ("FCE")] report by Thomas Roundtree on August 17, 2016, two days after he had prepared it.

14.     Thomas Roundtree concluded Plaintiff was permanently and totally disabled, unable to sustain any reasonable employment in the labor market.

15.     Defendant filed its report by Thomas Grzesik in the afternoon on the day prior to final hearing on June 15, 2017.

16.     Defendant had previously been given additional time to obtain a FCE report on the date previously set for final hearing on April 27, 2017.

17. Based upon Thomas Roundtree's report filed on August 17, 2016[,] and Dr. Khanna's notation in his report of April 8, 2015, that Plaintiff "cannot work," this matter has long been considered to have the potential to result in a [permanent total disability ("PTD")] award.

18. At the time of Thomas Roundtree's FCE report, Plaintiff was 52 years old.

19. Plaintiff was a bartender for Defendant at the time she was injured.

20. Plaintiff provided credible, detailed descriptions of her limitations during her deposition testimony.

Appellant's App. Vol. 2 at 8-10. The Board then made the following relevant conclusions:

3. Vocational evidence submitted to the Board by Tom Roundtree is credible, and it is determined that Plaintiff is permanently and totally disabled under the [Worker's Compensation] Act.

4. Plaintiff is not able to engage in any type of reasonable gainful employment and is entitled to PTD compensation for five hundred (500) weeks at Defendant's expense from the date of her injury.

* * *

7. Defendant is responsible for all prior medical treatment which may be unpaid and for any future palliative care.

8.     Plaintiff's attorney is entitled to a fee of 10% of any medical bills which may remain unpaid and on the cost of any palliative care to be rendered.

*Id.* at 10-11.  This appeal ensued.

# Discussion and Decision

## *Standard of Review*

When reviewing the decisions of the Board, we are bound by the factual determinations of the Board and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion.  *Eads v. Perry Twp. Fire Dep't*, 817 N.E.2d 263, 265 (Ind. Ct. App. 2004), *trans. denied*. Additionally, all unfavorable evidence must be disregarded in favor of an examination of only that evidence and the reasonable inferences therefrom that support the Board's findings.  *Id.*  And we neither reweigh the evidence nor judge witness credibility.  *Id.*  We will not disturb the Board's conclusions unless the Board incorrectly interpreted the Worker's Compensation Act. *Inland Steel Co. v. Pavlinac*, 865 N.E.2d 690, 697 (Ind. Ct. App. 2007).

## *Issue One:  The Board's Reliance on Roundtree's Report*

On appeal, Ameristar asserts not only that the Board erred but, more specifically, that the Board "committed legal error" when it relied on Roundtree's report in that Roundtree prepared his report in August of 2016, but Romero was not found to have reached her MMI until November of 2016. Thus, Ameristar contends that the report was "unreliable and premature"

because it was completed "before Romero had finished treatment or reached maximum medical improvement." Appellant's Br. at 11. For the same reasons, Ameristar also contends that Roundtree's report was "not competent evidence." *Id.* In sum, Ameristar alleges categorically that the Board erred when it considered the conclusion in Roundtree's report that Romero was "unable to engage in any type of reasonable gainful employment" and was "permanently and totally disabled." Appellant's App. Vol 2 at 11, 26.

[7] Ameristar's arguments on this issue would merit consideration on appeal were it not for the well-established rules of appellate review which apply to this record and preclude such consideration. First, Ameristar stipulated to the admission of Roundtree's report without limitation. Ex. Vol. at 3. Thus, it has waived its challenge to the competency of that report for our review. A challenge to the competency of proffered evidence goes to the admissibility of that evidence and must be raised to the tribunal where the evidence is offered. *See, e.g.*, Ind. Evidence Rules 103(a), 104(a); *see also Tucker v. Harrison*, 973 N.E.2d 46, 51-52 (Ind. Ct. App. 2012) (stating that admissibility of evidence requires "a requisite showing of competency"), *trans. denied*. It is axiomatic that such a challenge cannot be raised for the first time on appeal. *E.g.*, *Ind. Mich. Power Co. v. Roush*, 706 N.E.2d 1110, 1115 n.4 (Ind. Ct. App. 1999), *trans. denied*.

[8] Second, even if Ameristar's contention on appeal that the report was "not competent evidence" were true, by stipulating to the report's admissibility Ameristar invited the error, if any, in the Board's reliance on that report.

Invited error is not subject to appellate review. *E.g.*, *Brewington v. State*, 7 N.E.3d 946, 975 (Ind. 2014).

[9] Third, and likewise, "[i]ncompetent evidence may support the Board's findings where there is no objection." *Neidige v. Cracker Barrel*, 719 N.E.2d 441, 444 (Ind. Ct. App. 1999) (citing *C.T.S. Corp. v. Schoulton*, 270 Ind. 34, 383 N.E.2d 293, 297 (1978)). Thus, even if Roundtree's report were improperly admitted, which it was not, "[i]t is the rule in Indiana that where incompetent evidence has been admitted without objection or exception it may be considered upon appeal in determining the sufficiency of the evidence notwithstanding it should have been excluded upon proper and timely objection." *Hinshaw v. Waddell*, 128 Ind. App. 67, 142 N.E.2d 640, 643 (1957). As such, after having stipulated to the admission of Roundtree's report, Ameristar's arguments on appeal that we should disregard Roundtree's report on the maximum-medical-improvement issue and rely instead upon the reports of Ameristar's experts—as if Roundtree's report were not in the record—is untenable as a matter of appellate procedure and contrary to law.

[10] Ameristar did not dispute Roundtree's assessment with its own vocational rehabilitation assessment until the day before the fact-finding hearing. Thus, both the Single Hearing Member and the Board discounted Ameristar's evidence based on the fact that Romero had not been able to subject it to adversarial testing. Moreover, on appeal, Ameristar presents no argument supported by cogent reasoning that the timing of Roundtree's report goes to the admissibility of the report rather than to its weight. *See* App. R. 46(A)(8)(a).

For all of those reasons, we decline to consider Ameristar's arguments on this issue.

### Issue Two:  Whether Romero Could Maintain Reasonable Employment

Ameristar next asserts that "[t]he unopposed evidence shows that Romero could maintain reasonable employment once she finished medical treatment and reached maximum medical improvement in November 2016."  Appellant's Br. at 12.  Ameristar's arguments on this issue are predicated on this Court's agreement with Ameristar on Issue One.  That is, Ameristar's arguments here are not merely an argument regarding the sufficiency of the evidence.  Rather, Ameristar contends that Roundtree's report should be entirely disregarded on the issue of maximum medical improvement.  Ameristar asserts that, if this Court would merely exclude Roundtree's report on the MMI issue, we would "not need to reweigh any evidence" because the "undisputed, competent evidence" from Ameristar's experts requires a conclusion in favor of Ameristar, a conclusion contrary to that reached by the Board.  *Id.* at 9, 12.  However, as explained above, we do not consider Ameristar's arguments under Issue One in that Ameristar stipulated to the admission of Roundtree's report and, thus, did not preserve its objection to the competency of that report for our review.

Further, as previously noted, it was Roundtree's opinion that Romero was "permanently and totally disabled" and "unable to engage in any type of reasonable gainful employment."  Appellant's App. Vol. 2 at 11, 26.  And the Board concluded that Roundtree's vocational evidence "is credible."  *Id.* at 10.

Thus, Ameristar's argument that this Court adopt a contrary conclusion to that of the Board based on the reports of Ameristar's experts is merely a request for this Court to reweigh the evidence, which we will not do. We reject Ameristar's arguments on this issue.

### Issue Three: The Board's Calculation of Romero's Combined PPI Rating

Ameristar next asserts that the Board erroneously calculated Romero's combined PPI rating of 28%. To arrive at Romero's combined PPI rating, the Board added Dr. Khanna's assessment that Romero's cervical injury resulted in a 9% whole person PPI rating, Dr. Khanna's assessment that Romero's lumbar injury resulted in a 12% whole person PPI rating, and Dr. Dedhia's assessment that Romero's shoulder injury resulted in a 7% whole person rating. According to Ameristar, "that combined rating is incorrect under the AMA Guides to the Evaluation of Permanent Impairment." Appellant's Br. at 13.

Again, Ameristar has not preserved this issue for our review as it did not raise this issue before the Board. And this was not a finding that Ameristar did not expect from the Board; the parties expressly stipulated before the fact-finding hearing that whether Romero was "entitled to any permanent partial impairment rating" and, "[i]f so, how much," were issues for the Board to resolve. Ex. Vol. at 3. Yet Ameristar did not argue or suggest to the Board that AMA guidelines were relevant to resolve those questions or, for that matter, that the Board lacked discretion to deviate from those guidelines. As such, we will not consider Ameristar's arguments for the first time on appeal.

### *Issue Four: Whether We Will Increase Romero's Award by 10%*

[15]   Finally, Romero argues on appeal that this Court should increase her award by 10%. According to Indiana Code Section 22-3-4-8(f) (2017): "An award of the full board affirmed on appeal, by the employer, shall be increased by five percent (5%), and by order of the court may be increased ten percent (10%)." An order to increase the award by ten percent is not warranted unless the issues presented upon appeal are frivolous, appellate review is thwarted by the employer's actions, or there has been an extended period of time within which the injured worker has been prevented from obtaining worker's compensation benefits. *Inland Steel Co.*, 865 N.E.2d at 703.

[16]   Romero has not demonstrated either that Ameristar's actions have thwarted appellate review or that she has been prevented from obtaining worker's compensation benefits for an extended period of time. Nevertheless, as discussed in Issues One, Two, and Three, Ameristar's arguments on appeal not only lack merit but are not credible. Ameristar has prosecuted this appeal from the Board's decision notwithstanding its own procedural default, including waiver and invited error. The doctrine of invited error precludes a party from taking advantage of an error that he or she commits or invites. *Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 657 (Ind. Ct. App. 2008). As we have already noted, invited error is not subject to appellate review. *Brewington*, 7 N.E.3d at 975. In any event, there was no error in the Board's consideration of the stipulated evidence that Ameristar disputes on appeal as "not competent evidence." *See Neidige*, 719 N.E.2d at 444. And Ameristar has also disregarded

the rule of substantive law that even incompetent evidence admitted without objection may be considered upon appeal in determining the sufficiency of the evidence. *See Hinshaw*, 142 N.E.2d at 643.

[17] We follow the logic of Ameristar's argument in the abstract. But when that argument is measured against the record, the notion that this court can simply set aside evidence admitted by stipulation in order to accommodate Ameristar's legal theory is incompatible with appellate review. *See Inland*, 865 N.E.2d at 704 (holding award increase warranted where employer sought to have this court go against our standard of review and presented issues that proved to be disingenuous or trivial). This case presents an evidentiary dispute. We conclude that Ameristar's prosecution of this appeal is untenable as it is based on arguments advanced in spite of the record, including its own stipulation without limitation, and contrary to our standard of review, which requires that we disregard all evidence unfavorable to the Board's decision unless the evidence is undisputed and leads inescapably to a result contrary to the Board's. *See id.* Therefore, we hold that it is appropriate to increase Romero's award by 10%.

[18] In sum, we affirm the Board's judgment for Romero and direct that Romero's award be increased by 10%.

[19] Affirmed.

Robb, J., and Altice, J., concur.