

**FILED**

Sep 30 2020, 9:30 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark X. Sullivan
Treacy & Sullivan
Lebanon, Indiana

ATTORNEY FOR APPELLEE

James E. Ayers
Wernle, Ristine, & Ayers
Crawfordsville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gilley's Antique Mall ("Gilley's") and Jeff Hines, <br><br> *Appellants-Defendants,* <br><br> v. <br><br> Doug Sarver, <br><br> *Appellee-Plaintiff.* | September 30, 2020 <br><br> Court of Appeals Case No. 20A-EX-396 <br><br> Appeal from the Indiana Worker's Compensation Board <br><br> The Honorable Linda Peterson Hamilton, Chairperson <br><br> Application No. C-238476 |

**Kirsch, Judge.**

[1] Gilley's Antique Mall ("Gilley's") and Jeff Hines ("Hines") appeal the decision of the full Indiana Worker's Compensation Board ("the Board") that Gilley's and Hines were secondarily liable under the Indiana's Worker's Compensation Act ("the Act") for Doug Sarver's ("Sarver") injuries. Gilley's and Hines raise several issues, which we consolidate and restate as whether the Board erred

when it determined that Sarver's addition of Gilley's and Hines as defendants was not barred by the statute of limitations.[1]

We reverse.

## Facts and Procedural History[2]

In late 2015, Hines, who (along with his wife) was part-owner of Gilley's, entered into a contract with Humphreys Construction to perform work on the Gilley's facility, with most of the work focused on replacing the roofs of all of the buildings comprising the facility. *Appellants' App. Vol. II* at 23-24; *Tr. Vol. 2* at 5. Hines negotiated with Mitchell Humphreys ("Humphreys") for the project, and Humphreys represented to Hines that Humphreys Construction was fully licensed and insured. *Appellants' App. Vol. II* at 24-25. However, Hines never received a certificate of compliance from the Board verifying that Humphreys had worker's compensation insurance. *Id.* at 31-32. Among the individuals Humphreys hired to work on the project was Sarver. *Tr. Vol. II* at 5.

On November 10, 2015, Sarver was working on the roof when he fell through a foam board that was placed on the roof. *Appellants' App. Vol. II* at 15; *Tr. Vol. II*

---

[1] Because the statute of limitations is dispositive, we need not address the remaining arguments of Gilley's and Hines as to whether Sarver was in fact an independent contractor rather than an employee and the amount of disability owed to Sarver.

[2] Sarver's appellee's brief does not contain a statement of case or a statement of facts, and it does not explain the omission of the sections by indicating that it agrees with the appellants' statement of case and statement of facts as permitted by the appellate rules. Ind. Appellate Rule 46(B)(1). Sarver also fails to support his references to factual material with citations to the record. App. R. 22(C).

at 7. Sarver was taken to the hospital where he underwent testing, which included CT scans of his head and brain, cervical spine, chest, abdomen, and pelvis, as well as having a chest x-ray. *Ex. Vol. 3* at 3. The chest x-ray indicated a nondisplaced fracture of the left, posterior eleventh rib. *Id.* Sarver's physical exam was "positive for left flank pain, left tower lateral rib pain and tenderness to palpation over the midline lumbar region," and he complained of significant pain in his back. *Id.*

[5] Within a couple of weeks following the accident, Sarver returned to the Gilley's job site and continued to work on the project until around February 2016. *Tr. Vol. 2* at 20-21. He continued to seek medical treatment stemming from the injuries he suffered as a result of the accident. *Ex. Vol. 2* at 1-38; *Ex. Vol. 3* at 3-4. After the roof at the Gilley's project was completed, Sarver ceased working with Humphreys and assembled his own construction crew to work on various construction projects. *Tr. Vol. 2* at 20-21.

[6] On May 17, 2017, Sarver filed with the Board an application for adjustment ("initial application"), naming K&K Group[3] as the defendant and seeking to recover compensation for the injuries he suffered due to his fall through the roof on November 10, 2015. *Appellants' App. Vol. II* at 15. On March 19, 2018, Sarver filed an amended application, asserting claims against Gilley's and Jeff Line and asserting that Humphreys did not have insurance coverage as required

---

[3] Sarver also later added Humphreys Construction, C'Ville Steel Roofs and Humphreys as defendants. *Appellants' App. Vol. II* at 41.

by the Act. *Id.* at 2, 16. On January 24, 2019, Sarver filed another amendment to his amended application in which Sarver correctly identified Hines as a defendant instead of Jeff Line. *Id.* at. 3, 42.

[7] On April 19, 2018, Gilley's and Hines filed a motion to dismiss Sarver's claims based on Sarver's failure to add them to the case within the two-year limitation period set forth in Indiana Code section 22-3-3-3. *Id.* at 17-19. The single hearing member granted the motion to dismiss. *Id.* at 59. Sarver filed an application for review of the ruling by the full Board, and the full Board conducted a hearing on December 6, 2019. *Id.* at 6. After hearing testimony and receiving evidence of Sarver's medical records, the full Board found that Gilley's and Hines did not obtain a certificate of compliance from the Board "confirming that Humphreys Construction/C'Ville Steel Roofs or any of Humphreys' other enterprises had appropriate worker's compensation insurance coverage." *Id.* at 10. The full Board reversed the decision of the single hearing member, concluding that: (1) under 631 Indiana Administrative Code 1-1-7[4], Sarver could add additional defendants "at any time after his claim has commenced, provided that the original [a]pplication was timely filed; and,

---

[4] 631 Indiana Administrative Code 1-1-7 provides as follows:

> All persons should be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally, or in the alternative, and the board at any time, upon a proper showing, or of its own motion, may order that any additional party be joined, when it deems the presence of the party necessary.

it was"; and (2) Gilley's and Hines were secondarily liable[5] under the Act for compensation owed to Sarver for his injuries. *Id.* at 12. Gilley's and Hines now appeal.

## Discussion and Decision

Gilley's and Hines argue that the full Board erred in determining that Sarver's amended application was not barred by the two-year statute of limitations for worker's compensation claims. The Board, as the trier of fact, has a duty to issue findings of fact that reveal its analysis of the evidence and that are specific enough to permit intelligent review of its decision. *Triplett v. USX Corp.*, 893 N.E.2d 1107, 1116 (Ind. Ct. App. 2008). "In reviewing a worker's compensation decision, an appellate court is bound by the factual determinations of the Board and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion." *Christopher R. Brown, D.D.S., Inc. v. Decatur Cty. Mem'l Hosp.*, 892 N.E.2d 642, 646 (Ind. 2008). We examine the record only to determine whether there is substantial evidence and reasonable inferences that can be drawn therefrom to support [the Board's] findings and conclusion. *Id.* We will not reweigh the evidence or reassess witness credibility. *Triplett*, 893 N.E.2d at 1116. "As to the Board's

---

[5] Secondary liability "imposes on a person who hires a contractor without verifying that the contractor carries worker's compensation insurance liability to the same extent as the contractor for the injury or death of any of the contractor's employees . . . ." *Young v. Hood's Gardens, Inc.*, 24 N.E.3d 421, 424 (Ind. 2015) (quotation omitted); *see also* Ind. Code § 22-3-2-14.

interpretation of the law, an appellate court employs a deferential standard of review of the interpretation of a statute by an administrative agency charged with its enforcement in light of its expertise in the given area." *Brown*, 892 N.E.2d at 646. The Board will only be reversed if it incorrectly interpreted [the Act]. *Id.*

[9] Gilley's and Hines argue that the Board exceeded its statutory authority by using 631 Indiana Administrative Code 1-1-7 to allow their addition as defendants to Sarver's claim after the statute of limitations had run.[6] Gilley's and Hines maintain that the administrative rule's language providing for a "proper showing" contemplates that the Board first determine "whether the two-year limitation period of [Indiana Code section] 22-3-3-3 has already expired" and that the Board's failure to do this was "not what the Indiana

---

[6] Gilley's and Hines also mention Indiana Trial Rule 15(C). *See Appellants' Br.* at 21-22. We note that 631 Ind. Admin. Code 1-1-3 provides:

> Except as provided below, the board will not be bound by any technical rules of practice in conducting hearings, but will conduct hearings and make investigations in reference to the questions at issue in a manner as in its judgment is best adapted to ascertain and determine expeditiously and accurately the substantial rights of the parties and to carry out justly the spirit of the Indiana worker's compensation act (IC 22-3-2 through IC 22-3-6) and the Indiana worker's occupational diseases act (IC 22-3-7). However, the board incorporates by reference the provisions of Trial Rules 26 through 37, as amended, of the Indiana Rules of Trial Procedure, into this rule.

We have held that, with the exception of the rules incorporated by the Board, the Indiana Trial Rules do not apply to the Board. *See Harris v. United Water Servs., Inc.*, 946 N.E.2d 35, 38 n.1 (Ind. Ct. App. 2011) ("The Board is not bound by the Indiana Trial Rules"); *LaGarda Sec. v. Lawalin*, 812 N.E.2d 830, 834 n.2 (Ind. Ct. App. 2004) ("Ind. Trial Rules 55 and 60 regarding setting aside a default judgment are not applicable to the Board's order denying LaGarda's motion to set aside the award").

Legislature intended when it granted to the Board rule-making authority." *Appellants' Br.* at 18.

[10] The Act provides "compensation" for personal injury or death by accident arising out of and in the course of employment. Ind. Code § 22-3-2-2. The statute of limitations that applies to all applications for worker's compensation benefits filed with the Board is found at Indiana Code section 22-3-3-3, which provides, in pertinent part, as follows:

> The right to compensation under IC 22-3-2 through IC 22-3-6 shall be *forever* barred unless within two (2) years after the occurrence of the accident, or if death results therefrom, within two (2) years after such death, a claim for compensation thereunder shall be filed with the worker's compensation board.

*Fitzgerald v. U.S. Steel*, 892 N.E.2d 659, 662 (Ind. Ct. App. 2008) (citing Ind. Code § 22-3-3-3) (emphasis added). This statute is a nonclaim statute that "creates a right of action and has inherent in it the denial of a right of action. It imposes a condition precedent-the time element which is a part of the action itself. . . . The nonclaim statute is self-executing where the general statute of limitations is not." *Cox v. Am. Aggregates Corp.*, 684 N.E.2d 193, 196, n.2 (Ind. 1997) (quoting *Wawrinchak v. U.S. Steel Corp., Gary Works*, 148 Ind. App. 444, 451-52, 267 N.E.2d 395, 399-400 (1971)).

[11] Sarver's accident occurred on November 10, 2015, and he filed his initial application with the Board on May 17, 2017, which was within the two-year statute of limitations period. *Appellants' App. Vol. II* at 15; *Tr. Vol. II* at 7. In

permitting Sarver to add Gilley's and Hines as defendants after the limitation period had expired, the Board relied on the application of 631 Indiana Administrative Code 1-1-17 for its decision. *Appellants' App. Vol. II* at 12. The administrative rule allows for joinder of defendants and authorizes the Board "at any time, *upon a proper showing*, or of its own motion, may order that any additional party be joined, when it deems the presence of the party necessary." 631 Ind. Admin Code 1-1-7 (emphasis added). The statutory provision imposing secondary liability also provides that "[e]very claim filed with the worker's compensation board under this section shall be instituted against *all* parties liable for payment" and fixes the order of payment. Ind. Code § 22-3-2-14(e) (emphasis added). Therefore, we address whether the Board was correct in determining that the application of 631 Indiana Administrative Code 1-1-7 allowed Sarver (whose initial application was timely filed) to add Gilley's and Hines as defendants after the limitation period had expired.

[12] "An interpretation of a statute by an administrative agency charged with the duty of enforcing the statute is entitled to great weight, unless this interpretation would be inconsistent with the statute itself." *LTV Steel Co. v. Griffin*, 730 N.E.2d 1251, 1257 (Ind. 2000). We note that the Act:

> is a humane enactment designed and intended for the protection of workmen who come within its provisions, which are and ought to be liberally construed and applied, so as to extend that protection to the ultimate good of the greatest possible number of our workers; but the extent and limitation of its applicability also are fixed by those provisions and we cannot, by judicial

pronouncement, enlarge these beyond the very obvious intent of the Legislature.

*Christopher R. Brown, D.D.S., Inc.*, 892 N.E.2d at 649 (quotation omitted). The Board may adopt rules to govern worker's compensation proceedings. *See* Ind. Code § 22-3-1-3. However, an agency, through rule making, may not add to or detract from the law, as enacted, nor may it extend its powers beyond that conferred by law. *Baliga v. Ind. Horse Racing Comm'n*, 112 N.E.3d 731, 736 (Ind. Ct. App. 2018), *trans. denied.* Indeed, this court has stated that "nowhere in [Indiana Code section] 22-3-1-3 is the Board delegated authority to increase the two-year time limitation for filing claims found in [Indiana Code section] 22-3-3-3." *Danielson v. Pratt Indus., Inc.*, 846 N.E.2d 244, 247 n.2 (Ind. Ct. App. 2006).

[13] As noted, Sarver's initial application was filed within two years of the occurrence of the accident, and there is no dispute that his amended application naming Gilley's and Hines was filed outside the two-year limitation period. Gilley's and Hines note that the "upon a proper showing" language in the administrative rule contemplates determining whether the statute of limitations has expired before adding an additional defendant. We agree. While we are mindful of the remedial nature of the worker's compensation statutes, as stated in *Danielson*, there is no statutory authority for the Board to increase the length of time in the statute of limitations for filing claims. Moreover, contrary to Sarver's contentions, the Board's order did not address the possible application of the general, ten-year statute of limitations in Indiana Code section 34-11-1-2;

instead, it concluded that, under 631 Indiana Administrative Code 1-1-7, Sarver could add additional defendants "at any time after his claim has commenced, provided that the original [a]pplication was timely filed; and, it was." *Appellants' App. Vol. II* at 12. We acknowledge that the Indiana Supreme Court has held in certain situations that, where the Act was "silent on the question of the limitation period applicable to a medical provider's claim seeking payment of outstanding bills for authorized treatment to an employer's employee," that the ten-year limitation period in the general statute of limitation controlled.[7] *Ind. Spine Grp., PC v. Pilot Travel Ctrs.*, *LLC*, 959 N.E.2d 789, 790 (Ind. 2011). The secondary liability statute is silent on whether a specific limitation period applies and it also contains no language exempting it from the two-year statute of limitation period set forth in Indiana Code section 22-3-3-3. The Act does not define compensation, and we see no reason why Sarver's attempt to hold Gilley's and Hines secondarily liable for payment of compensation is not subject to the two-year statute limitations. *See Fitzgerald*, 892 N.E.2d at 662 (observing that Indiana Code section 22-3-3-3 "applies to *all* applications for Worker's Compensation benefits filed with the Board" (emphasis added)). The Board's decision in applying 631 Indiana Administrative Code 1-1-7 to allow

---

[7] The Court also noted that a legislative amendment provided "greater guidance" on the statute of limitations issue before the Court in that case, but the amendment did not affect its analysis "because '[t]he statute of limitation in effect at the time a lawsuit is commenced governs the action regardless of whether it lengthens or shortens the time allowed for bringing suit.'" *Ind. Spine Grp., PC v. Pilot Travel Ctrs., LLC*, 959 N.E.2d 789, 793, n.3 (Ind. 2011) (citation omitted).

Sarver to add Gilley's and Hines as defendants extended the statute of limitations without authorization. Thus, we conclude that the Board's decision to allow the addition of Gilley's and Hines as defendants outside the two-year statute of limitations period was erroneous and contrary to the Act.

Reversed.

Pyle, J., and Tavitas, J., concur.